**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RANDY DeSHAZIER,** | CV F 06-0591  AWI SMS |
| **Plaintiff**, | |
| v. | **MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO DISMISS THE COMPLAINT.** |
| **HANFORD POLICE OFFICER DALE WILLIAMS, BADGE No. 121; HANFORD POLICE OFFICER MITCH SMITH, BADGE No. 39; POLICE SERGEANT RUSSELL HILYAND; and CITY OF HANFORD, CALIFORNIA,** | |
| | [Doc. # 15] |
| **Defendants.** | |

**INTRODUCTION**

This is an action for violation of constitutionally guaranteed rights pursuant to 42 U.S.C., section 1983 by plaintiff Randy DeShazier ("Plaintiff") against defendants Officers Dale Williams, Mitch Smith, and Russell Hilyard, all of the Hanford Police Department (the "individual Defendants"), and the city of Hanford, California (collectively "Defendants"). The action arises out of a traffic stop executed by the individual Defendants wherein Plaintiff alleges he was subject to unlawful detention, pat-down search and arrest.  In the instant motion, Defendants seek dismissal of all claims for relief alleged in the complaint.  Federal subject matter jurisdiction exists pursuant to 28 U.S.C., section 1331.  Supplemental jurisdiction over California state law claims exists pursuant to 28 U.S.C., section 1367.

Venue is proper in this court.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff's complaint was filed on May 15, 2006. The complaint alleges Plaintiff, an African-American male and formerly a parole officer for the California Department of Corrections, was driving his vehicle on a Hanford street when he noticed a police car parked at the corner of an intersection Plaintiff was approaching. Plaintiff made a left-hand turn and the police car activated its lights and effected a traffic stop. Defendant Williams, the police officer effectuating the stop indicated Plaintiff was being stopped because he was traveling 36 miles per hour in a 25 mile per hour zone. The complaint alleges "Plaintiff contests this allegation [that he was traveling at excess speed] and believes his traffic stop was at least in part motivated by invidious discrimination and was the result of profiling, in violation of state and federal law." Complaint at 2:28 - 3:2. There is no further clarification as to whether there is a dispute as to the allegation of the speed at which Plaintiff was driving or whether there is a dispute as to whether Plaintiff's unlawful speed was the reason for the stop.

The complaint alleges Plaintiff indicated to defendant Williams that, in Plaintiff's view, Plaintiff should be allowed to continue on without issuance of a citation. At this point, defendant Williams was joined by defendants Smith and Hilyard. The complaint alleges the individual Defendants took offense to Plaintiff's comments about not being cited, and requested permission to search his car for weapons in retaliation. Permission for the search was given. No weapons were found during the search. Plaintiff was then "frisked." The complaint alleges that when Plaintiff questioned the appropriateness of the search and "frisk," defendant Williams responded by asking Plaintiff if he wanted to go to jail and by placing Plaintiff in handcuffs. The complaint alleges Plaintiff was then placed in a patrol car and informed he was being arrested for resisting arrest and impersonating a peace officer.

Plaintiff was cited and subsequently released at the scene. The complaint is

somewhat ambiguous with respect to the charge or charges Plaintiff was cited for. The complaint alleges "Plaintiff was not prosecuted on the false charges for which he was prosecuted." The complaint does not clearly state what the charges on the citation were.

The complaint, which was filed on May 15, 2006, alleges four claims for relief. The first claim for relief, although not specifically labeled as such, appears to be a claim pursuant to 42 U.S.C., section 1983 for violation of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments resulting from Plaintiff's detention, "frisk," and arrest. Plaintiff's second claim for relief is for declaratory relief pursuant to 28 U.S.C., section 2201. The third claim for relief alleges violation of rights guaranteed by the Constitution pursuant to California Civil Code, section 52.1. Plaintiff's fourth claim for relief alleges "False Detention, Frisk and Arrest" without reference to any state or federal statute. Rather, the fourth claim alleges violations "under California law." Plaintiff also alleges "Fresno County is vicariously liable for the acts of the individual [D]efendants."

The instant motion to dismiss was filed by Defendants on June 15, 2006. Plaintiff filed his opposition on July 10, 2006. Defendants' reply was filed July 17, 2006. On July 20, 2006, the court issued an order vacating the hearing date of July 24, 2006, and taking the matter under submission.

**LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). In considering a motion to dismiss, the court must accept as true the allegations of

3

the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). In deciding a Rule 12(b)(6) motion, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

## DISCUSSION

Plaintiff has alleged claims for relief that combine in single claims multiple legal theories for granting relief and allege claims against multiple defendants. While this style of pleading presents some analytical challenges, it is, as discussed *infra*, consistent with the Federal Rules of Civil Procedure. The court will break the discussion on Defendants' motion to dismiss into three parts. First, the court will discuss Plaintiff's claims of infringement of constitutional rights as to the individual Defendants as alleged in the first, second and third claims for relief. Second, the court will discuss Plaintiff's claims of infringement of constitutional rights as to City of Hanford. Third, the court will discuss Plaintiff's claims for false arrest, frisk and detention under "California law" with respect to all Defendants.

**I. Claims Alleging Constitutional Violation by Individual Defendants**

The bulk of Defendants' motion to dismiss Plaintiff's allegations of violation of constitutional rights with respect to the individual Defendants rests on a single premise. Defendants contend that Plaintiff's complaint alleges facts sufficient to allow the conclusion Plaintiff was traveling in excess of the posted speed limit and that probable cause therefore existed to effectuate the detention and the subsequent pat-down search. Defendants contend that, because probable cause existed to effectuate the traffic stop and pat-down search, and because Plaintiff consented to the search of his vehicle, Plaintiff has failed to allege facts sufficient to support his claims of infringement of rights under the First, Fourth or Fourteenth Amendments.

1  In opposition, Plaintiff points to the above quoted portion of the complaint wherein
2  Plaintiff "contests this allegation [that he was traveling at excess speed] and believes his
3  traffic stop was at least in part motivated by invidious discrimination and was the result of
4  profiling, in violation of state and federal law."  This statement, Plaintiff contends, clearly
5  establishes Plaintiff's contention that he was <u>not</u> traveling at a speed that was unlawful under
6  the California Vehicle Code.

7  In reply, Defendants point to two statements by Plaintiff from which Defendants
8  contend it may be inferred that Plaintiff admits he was driving in excess of the posted speed
9  limit.  First, Plaintiff states in his complaint that he told Williams and possibly the other
10 individual Defendants at the scene that Plaintiff argued with the officers that a citation should
11 not be issued because the issuance of a citation under the circumstances was not mandatory.
12 Defendants contend that if there had been no violation, the proper argument to the officers
13 would have been that a citation was not warranted.  From this allegation, Defendants contend
14 the court may infer that Plaintiff has admitted there was a violation of the California Vehicle
15 Code.  Second, Defendants contend that Plaintiff's allegation that the traffic stop was "at
16 least in part motivated by invidious discrimination" implies there was another reason for the
17 stop that was proper.

18 The problem with Defendants' argument is that this is a motion for dismissal pursuant
19 to Rule 12(b)(6).  Under the applicable standard, the court must make any inference in favor
20 of the *non-moving* party.  In this context, the court must "draw all reasonable inferences in
21 favor of the *plaintiff*, accepting the complaint's allegations as true."  Knievel v. ESPN, 393
22 F.3d 1068, 1080 (9th Cir. 2005).  The court, in other words, may not draw any inferences in
23 the moving party's favor if it is at all reasonable to draw the contrary inference in favor of the
24 non-moving party.

25 Here, the court must infer that Plaintiff's ambiguous reference to a disputation of an
26 allegation made at line 28 of page 2 of the complaint refers to the previous sentence where

5

Williams states he is going to issue a citation for driving 36 mph in a 25 mph zone. The court may not infer in Defendants' favor that the argument Plaintiff allegedly offered to the individual Defendants at the time of the traffic stop admits violation of the speed law or precludes any subsequent claim that he was not, in fact, in violation of any provisions of the Vehicle Code. In short, Plaintiff is not duty bound to offer his best argument to the officers at the time of the traffic stop or else waive that argument before the court. The court must interpret Plaintiff's allegation at ¶ 7 of the complaint to be a general disputation as to Williams determination that Plaintiff was driving at a speed in excess of the speed limit. Since the court must accept as true all facts alleged in the complaint, the court must accept for purposes of this motion that Plaintiff was traveling within the posted speed limit.

Similarly, the court must not infer from the facts set forth in the complaint that Plaintiff's allegation that the stop was motivated by impermissible bias or racial profiling that there is an admission of an alleged lawful underlying reason for the traffic stop. It is not logically inconsistent to allege racial motivation for the stop and, at the same time, to deny a factual basis for any probable cause for the stop.

At least as to the individual Defendants, plaintiff has alleged legal theories to support claims for violation of constitutional rights that are cognizable before the court. Because the court cannot infer that Plaintiff has admitted that he was in violation of the vehicle code, the court cannot find, as a matter of law, that Plaintiff cannot prove that probable cause for a traffic stop, detention, and for the subsequent pat-down search was absent. Since Defendants' legal argument with respect to Plaintiff's allegations against the individual defendants with respect to the first, second, and third claims for relief are predicated on finding an admission that there was a violation of the Vehicle Code, and therefore probable cause for the traffic stop, Defendants' motion to dismiss must be denied with respect to those claims and those Defendants.

Likewise, because the court may not infer at this point that there existed probable

cause for the traffic stop, search of the car, pat-down search or arrest, the court may not dismiss as inadequately plead Plaintiff's claims for retaliation in violation of First Amendment privileges or claims of invidious racial discrimination in violation of Fourteenth Amendment equal protection claims.

It is worth noting that the court would be required to deny defendants' motion to dismiss the claims of constitutional violation as to the individual defendants even if the court was to make those inferences in Defendants' favor that Defendant urges.  This is because Plaintiff has chosen to plead multiple theories of recovery as to the first, second and third claims for relief and Defendant has failed to address one of those theories.  Specifically, as to each of the aforementioned claims for relief, Plaintiff has set forth the allegation he suffered infringement of his rights under the Fourth and Fourteenth Amendments when he was *arrested* without probable cause.

An arrest occurs when a reasonable person would not believe that he or she is not free to leave.  <u>Graves v. City of Coeur D'Alene</u>, 339 F.3d 828, 840 (9th Cir. 2003).  The facts alleged in the complaint allege plaintiff was handcuffed, placed in the police patrol vehicle and told he was being arrested for resisting arrest and impersonation of a police officer. These allegations, if true, are certainly sufficient to establish that Plaintiff was placed under arrest as of the time he was placed in the police patrol car.  Plaintiff's complaint also alleges, albeit in a minimalist style, that probable cause for the arrest was lacking.  Defendants' motion for dismissal fails to address at all Plaintiff's arrest or Plaintiff's claim that the arrest violated his rights under the First and Fourteenth Amendments.  Likewise, Defendants' motion fails to address at all Plaintiff's allegation that the *arrest* was motivated by invidious discrimination or in retaliation in violation of Plaintiff's First Amendment rights.

Rule 8(e)(2) of the Federal Rules of Civil Procedure provides, in pertinent part:

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.  When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is

7

      note made insufficient by the insufficiency of the one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

While it might be more convenient for the court and the opposing party if the complaint set forth each legal theory supporting relief in a separate claim, each claim being supported by a crystalline and unambiguous statement of alleged facts, such is not the requirement. Even if the court were to conclude that Plaintiff had admitted speeding, the fact would remain that the plaintiff has not admitted facts that, by themselves, would be sufficient to sustain a finding of probable cause for an arrest. Thus, given that the first, second, and third claims for relief set forth facts sufficient to support claims of unlawful arrest against the individual Defendants, as well as claims for discriminatory and retaliatory motivation for the arrest, those claims would not be subject to dismissal as to the individual Defendants because allegations of constitutional violation within the claims are not dismissed. Since Plaintiff has pled facts that, if true, would support claims for relief for claims for constitutional violations under the First, Fourth and Fourteenth Amendments as a result of his *arrest* without probable cause, the court may not dismiss those claims as to the individual Defendants.

## II. Claims of Constitutional Violation as to City of Hanford

Plaintiff's first claim for relief alleges: "The City of Hanford is responsible under applicable law for the policy promulgated that led to the ratification of the individual [D]efendants' unlawful conduct." The complaint makes no other factual allegations as to the City of Hanford, except to allege that it is "a governmental entity that is liable for the actions of the individual defendants, as alleged herein and consistent with federal law, based on its relevant customs and policies. These policies will be specified at a later point in this proceeding, as permitted by applicable law."

Defendants have challenged Plaintiff's claim for relief, first on the ground Plaintiff has failed to allege facts sufficient to show he suffered *any* constitutional depravation as a result of the acts of the individual Defendants, and second on the ground the claim against

8

Hanford fails to allege the existence of any policy leading to any unconstitutional act or of any ratification of an unconstitutional act by any official.  Plaintiff, in his opposition to the motion to dismiss, contends that it is sufficient under notice pleading standards to merely plead a municipal liability claim generally, without reference to any specific policy.

Plaintiff correctly contends the complaint need conform only to the notice pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure; there is no requirement that claims for relief be plead with particularity where municipal liability is alleged. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002).  "To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2).  Rule 8(a)(2) requires only that the complaint include 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. R. Civ. P. 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003).  Likewise, there is no requirement that the plaintiff in a civil rights action plead facts establishing a prima facie case of discrimination.  Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002).  However, "[w]hile is not required to plead *detailed* facts, she must plead *some* facts." Pickern v. Pier 1 Imports, Inc., 339 F.Supp.2d 1081, 1088 (E.D. Cal. 2004.)  Mere conclusory statements of law do not, without more, establish the factual foundation for the asserted legal conclusion.  Western Mining Council, 643 F.2d at 624.

The court has reviewed Plaintiff's allegations with regard to the City of Hanford and finds those allegations are not sufficient to satisfy even the bare minimum required by Rule 8. Plaintiff's allegation that "Hanford is responsible under applicable law for the policy promulgated that led to the ratification of the individual [D]efendants' unlawful conduct" is an excellent example of an attempt to bootstrap a legal conclusion into a set of factual allegations.  The complaint contains no factual allegation that ratification occurred, either before or after the unlawful conduct alleged.  Likewise the complaint does not allege the

9

actual existence of a policy that directly caused the unlawful conduct; the complaint only states that if such a document exists, it will be specified at a later time. "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." DM Research, Inc. v. College of American Pathologists, 170 F.3d 53, 55 (1st Cir. 1999). Here Plaintiff's pleading makes it clear he intends to merely allege the hypothetical existence of a policy that ratifies officers' violations of motorists constitutional rights and then, having alleged it, he intends to go fishing. "The price of entry , even to discovery, is for plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome." Id. Here, Plaintiff has failed to allege facts sufficient to warrant further proceedings as to City of Hanford. City of Hanford will therefore be dismissed as to the first and second claims for relief. Because it is possible a set of facts could be pled that could support a claim against City of Hanford, the dismissal will be without prejudice.

**III.  Plaintiff's Claims California Civil Code, Section 52.1**

In order to state a claim for relief under California Civil Code, section 52.1 (the "Bane Act"), a plaintiff "must allege that the plaintiff who claims interference of his or her rights also allege that this interference was due to his or her 'race, color, religion, ancestry, national [or] origin. . . .'" Boccato v. City of Hermosa Beach, 29 Cal.App.4th 1797, 1809 (2nd Dist. 1994). As discussed above, the complaint sets forth, albeit in minimalist fashion, the minimum of at least one constitutional violation; arrest without probable cause in violation of the Fourth and Fourteenth Amendments. Since at least one constitutional violation is adequately alleged, the court cannot find that Plaintiff has failed as a matter of law to allege a claim for relief under California Civil Code section 52.1 upon which relief can be granted.

**IV.  Plaintiff's Claims for Relief Under California Law**

Defendants' main contention with respect to Plaintiff's third and fourth claims for relief is that, in the absence of a federal constitutional violation, the court is without subject

10

matter jurisdiction and, since the parties are not diverse, the court is without diversity jurisdiction as well.  As the court explained with regard to Defendants' motion to dismiss Plaintiff's claim for relief under the Bane Act, the court has found that Plaintiff has set forth a claim for relief based on an allegation of violation of the federal Constitution that is sufficient to withstand Defendants' motion to dismiss.  Since the court rejects Defendants' argument that Plaintiff has failed to state a claim for relief with respect to any violation of federal law, the court must likewise reject Defendant's motion to dismiss the fourth claim for relief on the same ground.

Defendants' arguments regarding Plaintiff's fourth claim for relief rely exclusively on the court finding there has been no violation of federal law.  Consequently, court does not have occasion to address other grounds for dismissal Defendants might have raised, but did not.  The court has reviewed Plaintiff's fourth claim for relief and finds it problematic because it fails to state a legal basis for relief with enough particularity to permit a response to the claim.  Are plaintiff's additional claims pursuant to California law common law or are they statutory claims?  While the court is aware of a California common law cause of action for false arrest, see Miller v. Glass, 44 Cal.2d 359 (1955); Cal. Jury Instr. – Civ. 7.60, Plaintiff has not alleged the elements of false arrest or any other common law claim.  The court is not aware of any common law basis for claims for "false frisk" or "false detention."  If there is a statutory basis for the claims, minimum notice pleading standards require the complaint so state.

The court directs Plaintiff to restate his fourth claim for relief with greater particularity in any future amendment to the complaint or risk that the court may strike the claim as to all Defendants on its own or opposing parties' motion.

Defendants do not address Plaintiff's claim of liability against Fresno County on a theory of vicarious liability under California law.  Since there is no challenge to Plaintiff's claim, the court will make no findings with respect to any claim against County of Fresno.

The court notes Plaintiff has clarified his complaint in that he disavows any claim of punitive damages against City of Hanford.  Defendants' motion to dismiss Plaintiff's claims for punitive damages against City of Hanford will therefore be granted to the extent the complaint can be construed to assert such claims.

THEREFORE, in accordance with the foregoing discussion it is hereby ORDERED that:

1. Defendants' motion to dismiss all counts of the complaint as to the individual Defendants is hereby DENIED.
2. Defendants' motion to dismiss the complaint as to Defendant City of Hanford is hereby GRANTED with leave to amend.
3. To the extent the complaint may be construed to state a claim or claims for punitive damages against City of Hanford, such claim or claims are hereby DISMISSED with prejudice.
4. Plaintiff is directed to restate his fourth claim for relief to include a short plain statement of the legal basis for relief in any further amendment of the complaint.

IT IS SO ORDERED.

**Dated:**   **August 29, 2006**              /s/ Anthony W. Ishii
0m8i78                                UNITED STATES DISTRICT JUDGE

12