UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
RANDY DESHAZIER,              ) 1:06-cv-00591-AWI-SMS
                              )
            Plaintiff,        ) FINDINGS AND RECOMMENDATION TO
     v.                       ) GRANT DEFENDANTS' MOTION FOR
                              ) TERMINATING SANCTIONS AND
DALE WILLIAMS, et al.,        ) DEFENDANTS' MOTION FOR MONETARY
                              ) SANCTIONS (DOC. 30)
            Defendants.       )
                              )
_____)
```

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303. Pending before the Court is the motion of Defendants Hanford Police Officers Dale Williams and Mitch Smith, Hanford Police Sergeant Russell Hilyard, and the City of Hanford, pursuant to Fed. R. Civ. P. 37, for terminating sanctions or, in the alternative, continuance of all scheduled dates in this case and an order compelling Plaintiff's attendance at deposition; Defendants also move to monetary sanctions.

The motion was filed on August 28, 2007, and included a notice of motion, memorandum, and declaration of Justus C. Spillner. Service was effected electronically on Plaintiff's

1

counsel. No opposition was timely filed, and the Court by minute order dated October 3, 2007, vacated the hearing and pursuant to Local Rule 78-230(c)[1] and (h).

Thereafter, on October 8, 2007, Plaintiff's counsel filed a request for limited additional time (approximately thirty days) to respond to a pending motion and/or cure a default. Plaintiff's counsel's request is untimely, and the Court will not consider it. The Court will proceed to file findings and recommendations, and Plaintiff's counsel will have the opportunity to file objections as set forth in the concluding paragraphs of this order.

Defendants move for sanctions pursuant to Fed. R. Civ. P. 37 as well as pursuant to the Court's inherent power.

I. <u>Sanctions pursuant to Fed. R. Civ. P. 37</u>

If a party fails to obey an order to provide or permit discovery, including an order compelling discovery, the court in which the action is pending may make such orders in regard to the failure as are just, including 1) an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; 2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; and 3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action

---

[1] Local Rule 78-230(c) provides that no party will be entitled to be heard in opposition to a motion at oral arguments if opposition has not been timely filed by that party.

1 or proceeding or any part thereof, or rendering a judgment by
2 default against the disobedient party. Fed. R. Civ. P. 37(b)(2).
3 The court may also treat the failure to obey as a contempt of
4 court (except with respect to an order to submit to a physical or
5 mental examination) and may require the party and/or the party's
6 attorney to pay the reasonable expenses, including attorney's
7 fees, caused by the failure, unless the court finds that the
8 failure was substantially justified or that other circumstances
9 make such an order unjust. Id.
10     Further, Fed. R. Civ. P. 37(d) expressly provides that a
11 failure of a party to attend his own deposition may result in
12 orders taking designated facts to be established, limiting claims
13 or defenses or the introduction of evidence, or striking out
14 pleadings, staying proceedings, dismissing the action, or
15 rendering a default judgment. Fed. R. Civ. P. 37(d).
16     The standards governing dismissal for failure to obey court
17 orders are the same under Fed. R. Civ. P. 37(b)(2)(C) or 41(b).
18 Malone v. United States Postal Service, 833 F.2d 128, 130 (9th
19 Cir. 1987). Dismissal, default judgment, and taking a plaintiff's
20 allegations as established are authorized under extreme
21 circumstances where there is a finding that the violations are
22 due to wilfulness, bad faith, or fault of the defaulting party.
23 United States v. Kahaluu Construction Co, Inc., 857 F.2d 600, 603
24 (9th Cir. 1988). Wilfulness is correctly defined as disobedient
25 conduct not shown to be outside the control of the litigant.
26 Fjelstad v. American Honda Motor Company, Inc., 762 F. 2d 1334,
27 1341 (9th Cir. 1985). Dismissal under Rule 37(b) has been held
28 appropriate where the failure to provide discovery is knowing and

deliberate. <u>In re the Exxon Valdez</u>, 102 F.3d 429, 432 (9th Cir. 1996).

In determining whether to dismiss a case as a punitive measure, a district court must weigh five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions. <u>Malone v. United States Postal Service</u>, 833 F.2d 128, 130. The Court need not make explicit findings regarding these factors; however, in the absence of findings, a reviewing court will independently review the record to determine if there has been an abuse of discretion. <u>Id.</u>

In determining the propriety of sanctions, it is permissible to consider all incidents of a party's conduct with respect to discovery in the litigation. <u>Adriana International Corp. v. Thoeren</u>, 913 F.2d 1406, 1411-1412 (9th Cir. 1990).

It is established that sanctions, including dismissal, may issue for a complete or serious failure to respond to discovery, such as failure to appear for a deposition, even absent a prior court order compelling the discovery. <u>Sigliano v. Mendoza</u>, 642 F.2d 309, 310 (9th Cir. 1981).

A forced cancellation of a deposition a day before the date set for it has been held to constitute a failure to appear within the meaning of Fed. R. Civ. P. 37(d). <u>Henry v. Gill Industries, Inc.</u>, 983 F.2d 943, 947 (9th Cir. 1993).

II. <u>Facts</u>

The declaration of Mr. Spillner, Defendants' counsel,

4

1  submitted in support of the motion establishes that Defendants'
2  counsel's office set the deposition of Plaintiff and non-party
3  witness Verniece DeShazier for June 26, 2007, after receiving no
4  response to several telephone messages for Mr. Little, counsel
5  for Plaintiff. Notice of the deposition was given on May 29,
6  2007, by mail, and witness Verniece was personally served with a
7  deposition subpoena on June 10, 2007. A courtesy letter
8  confirming the depositions was sent to Little on June 21, 2007,
9  by FAX and mail. On June 25, 2007, at 3:37 p.m., Little sent
10 Spillner an e-mail message cancelling the depositions, which were
11 scheduled to begin at 9:00 a.m. the following morning; Little
12 explained that due to a criminal trial's last-minute continuance,
13 he had not been able to meet with his clients and thus simply
14 could not proceed. (Decl., Ex. A.) Spillner's secretary e-mailed
15 a reply, requesting rescheduling of the depositions for July 13,
16 2007, which Plaintiff's counsel accepted by e-mail on June 27,
17 2007. Additional notices and a subpoena to the non-party witness
18 were sent out for the depositions to be held on July 13.
19     On July 12, 2007, at 2:57 p.m., Plaintiff's counsel e-mailed
20 Spillner's secretary, cancelling the depositions, which were then
21 set for the following day, for the second time. Little stated
22 that he had just realized that he had a hearing scheduled in
23 Lemoore that made it impossible to attend the depositions;
24 further, Plaintiff had informed counsel the day before that his
25 mother (who apparently was the non-party witness, Verniece
26 DeShazier) had health problems that made it extremely difficult
27 to be away from home all day. Spillner's secretary requested
28 rescheduling for a mutually convenient date, and Plaintiff's

5

1  counsel failed to respond to an e-mail sent on that date as well
2  as another sent on July 19. Likewise, there was no response to
3  Spillner's letter of July 26, which concerned the depositions'
4  rescheduling and the need to extend scheduled dates.
5      Defendants' counsel's office rescheduled the depositions for
6  August 15, 2007, in Hanford, as requested by Mr. Little, gave
7  notice to them in writing, and attempted to confirm the
8  deposition times via e-mails on August 9 and August 14, without
9  response from Plaintiff's counsel.
10     Defendants' counsel appeared for the depositions set for
11 August 15, but neither of the deponents nor Plaintiff's counsel
12 appeared at the deposition in Hanford, which Defendants' counsel
13 noted on the record.
14     Defendants' counsel has not been able to establish contact
15 with Mr. Little, Plaintiff's attorney; the last communication
16 received was on July 12, 2007, when Mr. Little cancelled the
17 deposition.
18     In addition, Plaintiff's counsel allowed the deadline for
19 expert witness disclosures, which had been July 6, 2007, to pass
20 without providing any disclosures, but never addressed the issue.
21     III. <u>Analysis of Sanctions</u>
22     Here, it appears that it was impossible for Defendants'
23 counsel to meet and confer with Plaintiff's counsel in compliance
24 with Local Rule 37-251 because the latter failed to communicate
25 for an extended period of time. Thus, the requirement of a joint
26 stipulation should not bar Defendants from relief.
27     Further, the Court finds that Plaintiff's counsel engaged in
28 several wilful discovery violations. Counsel repeatedly cancelled

6

1  depositions that had been properly set for reasons over which he
2  had control, namely, the scheduling of hearings or matters in
3  other cases, and his own calendar. Although he could not control
4  the Plaintiff's mother's health, the difficulty that Plaintiff's
5  mother had with attending a deposition did not explain the
6  failure of Plaintiff himself to attend. Thus, counsel engaged in
7  disobedient conduct not shown to be outside the control of the
8  litigant. Further, it appears that counsel was able to
9  communicate when it involved cancelling a deposition but was and
10 is inexplicably unresponsive when it comes to other types of
11 communications at pertinent times.
12      Further, it appears that Plaintiff wilfully and without
13 justification failed to provide Defendants with expert witness
14 disclosures due on July 6, 2007, pursuant to the Court's
15 scheduling order of October 24, 2006 (at pp. 1, 6).
16      The public interest in expeditious resolution of the
17 litigation weighs in favor of dismissal. The first amended
18 complaint (FAC) seeks damages and declaratory relief, and it
19 alleges discriminatory detention and false and retaliatory arrest
20 as a result of profiling occurring on or about May 12, 2005.
21 Formal discovery appears to have commenced in February 2007, and
22 then Plaintiff's counsel was unavailable for a week in April.
23 (Memo. p. 4; Doc. 28.) Thereafter, it does not appear that
24 Plaintiff's counsel was meaningfully available for communication
25 for the following four months. Almost two and one-half years have
26 passed since the allegedly offending conduct, and yet the case
27 has not proceeded, and it cannot be scheduled because Plaintiff's
28 counsel and Plaintiff have failed to appear for the Plaintiff's

7

1  deposition and have failed to comply with a discovery deadline
2  concerning expert disclosure.
3      Further, because it does not appear that Plaintiff or his
4  counsel are amenable to the orders of the Court, the Court's need
5  to manage its docket does not preponderate in favor of continuing
6  the case in its present deadlocked condition.
7      Defendants claim that they are prejudiced because they are
8  unable to depose Plaintiff and thus unable to clarify and
9  evaluate the merits of the claims against them, discover any
10 additional witnesses who need to be deposed or other evidence to
11 be investigated, or prepare their defense. Plaintiff's delays
12 have caused Defendants to suffer difficulty in meeting the dates
13 that were scheduled when the motion was filed but which have now
14 been vacated by the Court's minute order of September 4, 2007, in
15 which the Court denied Defendants' ex parte application to
16 shorten time for hearing the motion for sanctions, and further
17 vacated all dates that had been scheduled, including the pretrial
18 conference of December 14, 2007, and jury trial of February 19,
19 2008. Defendants also claim, without further specification, that
20 the delays have interfered with their ability to achieve a just
21 resolution to the litigation.
22     With respect to prejudice, in the context of sanctions
23 pursuant to Rule 37(b), a defendant suffers prejudice if a
24 plaintiff's actions impair the defendant's ability to go to trial
25 or threaten to interfere with the rightful decision of the case.
26 <u>Adriana International Corporation v. Thoeren</u>, 913 F.2d 1406, 1412
27 (9th Cir. 1990). Although delay alone has been held to be
28 insufficient, <u>Kahaluu</u>, 857 F.2d 600, 604, failure to produce

8

documents as ordered has been held to be sufficient. <u>Adriana International Corporation v. Theoren</u>, 913 F.2d at 1412, citing <u>Securities and Exchange Comm'n v. Seaboard Corp</u>., 666 F.2d 414, 417 (9th Cir. 1982). Further, repeated failure of a party to appear at scheduled depositions, when compounded by a continuing refusal to comply with court-ordered production of documents, has been held to constitute an interference with the rightful decision of the case. <u>Adriana International Corp. v. Thoeren</u>, 913 F.2d at 1412.

At this point, there has been not only delay, but obstruction of access to a key witness in the instant case. Although it does not appear affirmatively that any permanent loss of evidence or other irreversible harm has been suffered with respect to the Defendants' ability to mount a defense, it further appears that Defendants have been unable to proceed with fundamental discovery, and thus Defendants are, albeit unwillingly, not fully aware of the status of the evidence and of Defendants' own defenses. Plaintiff has also failed to disclose experts as ordered by the Court. It appears that Defendants are unable to proceed to discern anything concerning the merits of the case. Thus, the risk of prejudice to Defendants is real. Further, it does not appear that Defendants have the means to avoid or to limit any potential prejudice because there is no apparent, realistic possibility of managing the case to cause it to proceed to a position of readiness for adjudication.

The public policy favoring disposition of cases on their merits generally weighs against imposing a terminating sanction, but the repeated failure of Plaintiff and counsel to appear for

deposition, the failure to comply with the expert disclosure deadline, and the repeated, broader failure of Plaintiff's counsel to communicate with the Defendants' counsel are preventing any progress towards a position wherein the case might be adjudicated. It is the very conduct of Plaintiff and Plaintiff's counsel that are obstructing progress towards disposing of the case on the merits.

As to the availability of less drastic sanctions, Defendants also seek monetary sanctions but assert that such sanctions will not remedy the problems caused by Plaintiff's misconduct because there is no indication that lesser sanctions will motivate Plaintiff or Plaintiff's counsel to comply with future deposition notices.

With respect to the impact of dismissal and the availability and adequacy of lesser sanctions, the Ninth Circuit has set forth a three-part analysis for reviewing a district court's consideration of this factor: 1) whether the court explicitly discussed the feasibility of less drastic sanctions and explained why alternative sanctions would be inappropriate; 2) whether the court implemented alternative sanctions before ordering dismissal, and 3) whether the court warned the party of the possibility of dismissal before actually ordering it. <u>Adriana International Corp. v. Thoeren</u>, 913 F.2d at 1412-1413.

The Court agrees with Defendants' assertion that lesser sanctions will not remedy the problem. In addition to not appearing and not making his client available for deposition, Plaintiff's counsel failed repeatedly to respond to reasonable attempts on the part of Defendants' counsel to communicate;

Plaintiff's counsel failed to respond timely and meaningfully even to the instant motion for sanctions. Plaintiff has failed to comply with the deadline for expert witness disclosure. The Court finds that Plaintiff's counsel cannot be depended upon to respond rationally to, and communicate concerning, normal developments and communications occurring in the progress of a case. It further appears that the prospect of monetary sanctions or proceedings for sanctions before the Court has been of no importance to Plaintiff's counsel, who has not responded to those lesser possibilities, either. The Court thus has no basis for any finding that a lesser sanction would be effective.

Although the Court has not expressly warned Plaintiff or Plaintiff's counsel with dismissal or other severe sanctions for the particular failures presently before the Court, the Court's order setting mandatory scheduling conference warned that should counsel failure to comply with the directions set forth in the order, which concerned timely efforts to schedule the case and comply with set dates as firm dates, then an ex parte hearing might be held and judgment of dismissal, default, or other appropriate judgment might be entered, or sanctions might be imposed or ordered. (Doc. 5.) The need to comply with scheduled dates and the possible consequences have thus been made sufficiently clear. Further, counsel had notice from the text of Rule 37(b) that dismissal is a possible sanction for failure to obey discovery orders. See, Valley Engineers Inc. v. Electric Engineering Co., 158 F.3d 1051, 1056-57 (9th Cir. 1998). Because the Court has found that the conduct in question was wilful, and further finds that it is not reasonably anticipated that

Plaintiff or his counsel will comply with the Court's orders, it would not be unfair to impose sanctions without a prior warning; any warning would be and would have been futile. The Court concludes that there has been a pattern of discovery abuse which has made it impossible for the Court to ready the case for trial, let alone try it with any reasonable assurance that the truth would be available. The circumstances in the present case are egregious and call for the drastic sanction of termination.

In view of the conclusions set forth hereinabove, which are based on Rule 37(b) and (d), the Court does not consider it necessary to consider sanctions pursuant to the Court's inherent power, or the Defendants' request for an order compelling Plaintiff's deposition attendance and resetting of dates.

### IV. <u>Monetary Sanctions</u>

Defendants seek monetary sanctions[2] pursuant to Fed. R. Civ. P. 37(d), which provides that if a party fails to appear for deposition after being served with proper notice, the Court "shall require" the party failing to act or the attorney advising him or both to pay reasonable expenses, including attorney's fees, caused by the failure unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

There is no justification before the Court or other circumstances that make an award of expenses unjust. It appears that the written notice of the deposition mailed on July 31, 2007, was reasonable notice of the August 15 deposition. (Decl.,

---

[2] It appears that Defendants' request for these monetary sanctions is separate and not in the alternative. (Doc. 33, p. 2.)

Ex. C.)

Defendants' counsel declared that he incurred and may incur fees and expenses as a result of Plaintiff's repeated failure to appear at properly noticed depositions and of other discovery violations, including 1) $925.00 in attorney's fees, calculated at 5 hours at $185.00 per hour for 1.7 hours preparation for the depositions of August 15, 2007, and 3.3 hours for round-trip travel to Hanford and time spent waiting for Plaintiff to appear at the proceeding; and 2) Court reporter's fees for appearance at the deposition on August 15 and preparation of a transcript thereof, in the amount of $112.00; 3) $3450.00, consisting of 23 hours at $150.00 per hour, the rate of an associate who prepared the moving papers, for preparation of this motion, supporting documents, and the ex parte application to hear the motion on shortened time and all documents pertaining thereto; 4) $375.00 anticipated to be expended for preparing for, traveling to, and attending the hearing on the motion, calculated at 2.5 hours at $150.00 per hour; and 5) any filing fees for this motion or the ex parte application, although no amount was specified. The total amount sought is $4,862.00.

Because the hearing on the motion was vacated, the Court concludes that no time was actually expended for preparation, travel, and attendance relating to the hearing. The hourly rates for attorney's fees sought appear to be reasonable in light of the prevailing rates in the community. The motions (both the motion for sanctions and the ex parte application for an order shortening time) appear to have taken an excessive amount of time for what the Court deems to be reasonable for the preparation of

all pleadings; sixteen (16) hours, or two full eight-hour days, seems more appropriate. It is appropriate to award reasonable attorney's fees for a failure to appear even in the absence of wilfulness; negligence is sufficient. <u>Lew v. Kona Hospital</u>, 754 F.2d 1420, 1426 (9th Cir. 1985).

Therefore, the Court shall recommend an award of additional monetary sanctions in the amount of $3,437.00.

V. <u>Recommendation</u>

Accordingly, it IS RECOMMENDED that Defendants' motion for terminating and monetary sanctions BE GRANTED, that Plaintiff's counsel, Kevin Gerard Little, BE ORDERED to pay $3,437.00 to Defendants' counsel, and that the action BE DISMISSED.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

/
//
///
////

14

(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 15, 2007**                   **/s/ Sandra M. Snyder**
                                                  UNITED STATES MAGISTRATE JUDGE