1
2
3
4
5
6
7
8
9
10
11
12

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

13
14
15
16
17
18
19
20

| | |
|---|---|
| **RANDY DeSHAZIER,** ) | **CV F 06-0591  AWI SMS** |
| ) | |
| **Plaintiff**, ) | |
| ) | |
| **v.** ) | **ORDER MODIFYING IN PART** |
| ) | **RECOMMENDATIONS OF** |
| ) | **MAGISTRATE JUDGE,** |
| **HANFORD POLICE OFFICER DALE** ) | **DENYING TERMINATING** |
| **WILLIAMS, BADGE No. 121;** ) | **SANCTIONS, AND** |
| **HANFORD POLICE OFFICER MITCH** ) | **AWARDING  MONETARY** |
| **SMITH, BADGE No. 39; POLICE** ) | **SANCTIONS** |
| **SERGEANT RUSSELL HILYAND; and** ) | |
| **CITY OF HANFORD, CALIFORNIA,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

21
22
23
24
25
26
27
28

In this civil rights action pursuant to 42 U.S.C., section 1983, defendants Hanford
Police Officer Dale Williams, et al. ("Defendants") have moved for monetary and terminating
sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure.  The matter was
referred to the Magistrate Judge for findings of fact and recommendations of law ("F&R's").
On October 15, 2007, the Magistrate Judge issued F&R's recommending an award of
monetary sanctions to Defendants pursuant to Rule 37(d) of the Federal Rules of Civil

Procedure,[1] and recommending dismissal of the action pursuant to Rule 37(b)(2)(C).

The Magistrate Judge's F&R's set forth the legal standards for applying terminating and monetary sanctions pursuant to Rule 37. Those standards are incorporated here by reference and need not be repeated. The factual background pertinent to Defendants' motion for terminating sanctions concerns mainly Defendants' unsuccessful efforts to schedule a deposition with Plaintiff and with a non-party witness, Verniece DeShazier. Defendants allege Plaintiff's attorney, Kevin Little ("Little") was timely notified of the time and date for the depositions that was set for June 26, 2007. Little canceled the depositions at 3:37 p.m. the day prior to the scheduled date claiming a scheduling conflict. Similarly, Defendants allege Little cancelled the next scheduled depositions, which had been set with Little's consent on July 12, 2007. Defendants allege Little canceled these depositions at about 3:00 p.m. on the day prior, again citing a scheduling conflict.

Thereafter, Defendants allege, Little failed to respond to a number of letters and e-mails that attempted to schedule a mutually satisfactory time for depositions. Plaintiffs set depositions for August 15, 2007, in Hanford so that Verneice's travel restriction could be accommodated. Neither Little or the scheduled deponents appeared for the depositions. Plaintiff's allege they received no communication from Little, despite several attempts to communicate by Defendants' attorney until Little filed Plaintiff's objection to the Magistrate Judge's F&R's concerning the instant motion for terminating sanctions. Defendants also allege Little allowed the deadline for disclosure of expert witnesses, which had been set for July 6, 2007, to pass without providing any disclosures.

The F&R's note Defendants claim they are prejudiced by the fact they were unable to depose Plaintiff and so are "unable to clarify and evaluate the merits of the claims against them, discover any additional witnesses who need to be deposed or other evidence to be investigated, or prepare their defense." Doc. # 40 at 8:7-12. The F&R's also note that there does not appear to be any permanent loss of evidence or other irreversible harm "with respect

---

[1]     All references to Rules hereinafter are to the Federal Rules of Civil Procedure.

to Defendants' ability to mount a defense. . . ." Doc. # 40 at 9:12-15.  Nonetheless the Magistrate Judge went on to observe:

> Thus, the risk of prejudice to Defendants is real.  Further, it does not appear that Defendants have the means to avoid or to limit any potential prejudice because there is no apparent, realistic probability of managing the case to cause it to proceed to a position of readiness for adjudication.

Doc. # 40 at 9:21-26.

Little failed to respond timely to Defendants' motion for terminating and monetary sanctions, but did file an objection to the Magistrate Judge's F&R's within the 30-day time limit.  Little contends the Magistrate Judge's F&R's fail to give consideration to Little's medical condition and to physician-imposed restrictions on his practice.  He also contends the court's approach in this case is at variance with the approach taken in another case, Romar v. Fresno Community Hospital, 03cv6668 AWI SMS.  Little contends there was no intentional misconduct on his part and that terminating sanctions are not warranted where, as here, there is no bad faith.

Dismissal of an action is the most severe penalty, and is authorized only in 'extreme circumstances." Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th cir. 1985).  Little is correct in his contention that the drastic sanctions of dismissal or default judgment may only be imposed if there is wilfulness, fault or bad faith.  See Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir. 1981) ("Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault or bad faith").

Because Little did not file a timely opposition to Defendants' motion for terminating sanctions, the Magistrate Judge's F&R's do not reflect any consideration of Little's contention that there is no fault, wilfulness or bad faith because Little is involuntarily unable to pursue a full workload because of a medical condition.  The court is generally aware of the existence of a medical condition limiting Little's capacity to work, although the specifics of his work limitations are not known to the court.  In light of Little's contentions in opposition to the Magistrate Judge's F&R's together with the court's existing limited knowledge of

3

1    Little's medical problems, the court finds that Little's non-responsiveness and non-
2    availability, which were the basis of the Magistrate Judge's finding of wilful disobedience,
3    are not sufficient to support a finding of bad faith, fault or wilfulness sufficient to support an
4    order of dismissal *at this time*.

5         Although the facts as currently understood by the court do not support dismissal,
6    Little's opposition fails to address the court's primary concern in that the opposition fails to
7    set forth any plan or proposal that would insure that Defendants would not be further
8    inconvenienced or prejudiced by limitations on Little's ability to practice.  Little refers to this
9    court's handling of proceedings in <u>Romar v. Fresno Community Hospital</u>, as being
10   illustrative of the court's approach to accommodating Little's work limitations.  However the
11   postponement of proceedings in <u>Romar</u> represents a special case because the delays the court
12   allowed in <u>Romar</u> fortuitously worked to the benefit and convenience of all parties and
13   resulted in no prejudice to any party.  Such is not the case here.

14        While the F&R's noted there has been no apparent loss of evidence or permanent
15   impairment of Defendants' ability to present a defense to this point, the fact remains that
16   Defendants are entitled to the timely resolution of the case against them and they
17   consequently have a right to timely cooperation in discovery and other pretrial proceedings.
18   The delays that have resulted to this point from Little's lack of responsiveness and non-
19   availability mark the outer limits of what the court can permit without the imposition of
20   terminating sanctions.  Although the court will allow this action to proceed, Little is
21   cautioned that any further delays or postponements by Plaintiff that are not by stipulation of
22   the parties or that are not noticed to the court and opposing party at least seven (7) days in
23   advance of the delay or postponement will result in dismissal of the case with prejudice.

24        The court will also require that the parties meet and confer to determine a mutually
25   agreeable schedule for any remaining discovery and/or pretrial proceedings remaining in this
26   case.  The parties stipulated schedule is to be filed with the court and will constitute this
27   court's order for further discovery.  In the event the parties are unable to stipulate to a
28   schedule for remaining discovery and pretrial proceedings, either party may notify the

4

Magistrate Judge, who will thereafter schedule a hearing to resolve the matter.  If Little feels his medical condition is such that compliance with this order is not possible, he may so notify the court and the court will provide an opportunity for Little to obtain co-counsel or transfer the case to another attorney.

Little also objects to the award of attorney fees by the Magistrate Judge.  Rule 37(d) provides that a court may apply any of the sanction enumerated in Rule 37(b) where the party has failed to present itself for deposition after proper notice of the deposition.  Rule 37(d) also provides that in lieu of any order or in addition to any order of sanction pursuant to Rule 27(b), "the court *shall* require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make the award of expenses unjust."  Rule 37(d)(Italics added).

Because Plaintiff did not attend his properly noticed deposition, and because there is no justification for non-attendance, the court is obliged to order that Little compensate Defendants' attorney for the expenses incurred.  The court has reviewed the Magistrate Judges findings and recommendations with respect to monetary sanctions and finds the recommended award is well supported by the facts and is legally justified by the terms of Rule 37(d).

THEREFORE, pursuant to the foregoing discussion, it is hereby ORDERED that:

1.  Attorneys for Plaintiff and Defendants shall meet and confer to determine a schedule for further discovery and such other proceedings that the parties deem necessary or advantageous to schedule by stipulation, including provision of an expert witness list.

2.  The schedule for further discovery that is agreed to by the parties shall be filed with the court not later than Friday, January 18, 2008.  In the event no agreement is reached by the parties, either or both parties may notify the Magistrate Judge of non-agreement not later than Friday, January 18, 2008.

3.  In the event Plaintiff's attorney, Kevin Little, determines that he is unable to comply

5

with the court's order to meet and confer and to determine an agreed upon discovery schedule, or that he is not capable by reason of limitations imposed on his ability to practice by his medical condition to comply with any portion of the discovery schedule the parties agree upon, he shall notify this court not later than Friday, January 18, 2008.

4.      Kevin Little shall pay to Defendants' attorney the sum of $3,437.00.

IT IS SO ORDERED.

**Dated:   December 21, 2007**            _____/s/ Anthony W. Ishii_____
                                         UNITED STATES DISTRICT JUDGE