1
2
3
4
5
6
7  **IN THE UNITED STATES DISTRICT COURT FOR THE**
8  **EASTERN DISTRICT OF CALIFORNIA**
9
10  **RANDY DeSHAZIER,**                    )   **CV F 06-0591  AWI SMS**
                                          )
11          **Plaintiff**,                      )
                                          )   **ORDER ON PLAINTIFFS'**
12     **v.**                                 )   **COUNSEL'S APPLICATION**
                                          )   **FOR RELIEF FROM COURT'S**
13  **HANFORD POLICE OFFICER DALE**         )   **ORDER OF DECEMBER 26,**
   **WILLIAMS, BADGE No. 121;**            )   **2007, AWARDING**
   **HANFORD POLICE OFFICER MITCH**        )   **MONETARY SANCTIONS**
14  **SMITH, BADGE No. 39; POLICE**         )
   **SERGEANT RUSSELL HILYAND; and**       )   Doc. # 70
15  **CITY OF HANFORD, CALIFORNIA,**        )
                                          )
16          **Defendants.**                     )
                                          )
17  ─────────────────────────────────── )
18
19
20
21      On October 15, 2007, the Magistrate Judge issued findings of fact and

22  recommendations of law ("F&R's") that recommended terminating sanctions and

23  compensatory monetary sanctions based on the failure of Plaintiff's attorney, Kevin Little

24  ("Little"), to comply with discovery procedures.  On December 26, 2007, the court issued an

25  order modifying in part the F&R's so that terminating sanctions were not applied as

26  recommended but adopting the Magistrate Judge's recommendation for monetary  sanctions

27  against Little.  The monetary sanctions were assessed to compensate Defendants for costs and

28  attorney fees resulting from Little's failure to timely provided notice of his inability to attend

scheduled depositions.  In the court's order of December 26, 2007, the court noted that

where, as here, the failure of a party or their attorney to attend a deposition is not substantially justified, the court is obliged to impose monetary sanctions to compensate both costs and attorney fees occasioned by the unjustified non-compliance.  Fed. Rule Civ. Pro. 37(d).

Little requests that the court modify or vacate its prior order awarding monetary sanctions based on Little's present inability to pay.  The court, having previously found Little's non-compliance with discovery procedures was substantially not justified, has no legal basis for any modification to its prior order.  As noted, the imposition of monetary sanctions in such circumstances to compensate for unnecessary costs and attorney fees pursuant to Rule 37(d) is mandatory.  While the parties are free to make whatever accommodations they will, the court has no choice but to deny Little's request.

Little's request to vacate or modify the court's order of December 26, 2007, imposing of monetary sanctions is hereby DENIED.

IT IS SO ORDERED.

**Dated:    January 12, 2009              /s/ Anthony W. Ishii**
                                  CHIEF UNITED STATES DISTRICT JUDGE